**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6086**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

RAYMOND BULLETTE, III, a/k/a Scrap,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge.  (8:13-cr-00525-DKC-3; 8:17-cv-03284-DKC)

Submitted:  August 20, 2020            Decided:  August 24, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Raymond Bullette, III, Appellant Pro Se.  Elizabeth G. Wright, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Bullette, III, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from judgment in his 28 U.S.C. § 2255 proceeding.[*] We vacate the district court's order and remand for further proceedings.

In a § 2255 proceeding, "a Rule 60(b) motion . . . that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive" § 2255 motion, and is therefore subject to the preauthorization requirement of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal quotation marks omitted). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the . . . proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (internal quotation marks omitted). Where the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a pleading is a mixed Rule 60(b) motion/§ 2255 motion. *Id.* at 400 (internal quotation marks omitted).

In his Rule 60(b) motion, Bullette sought a remedy for perceived flaws in his § 2255 proceeding and raised direct challenges to his sentence. We therefore conclude that

---

[*] After denying Bullette's § 2255 motion on August 10, 2018, the district court granted his motions to extend the time in which to file a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). We conclude that the district court was without authority to grant such extensions. *See* Fed. R. Civ. P. 6(b)(2). Accordingly, because Bullette filed his motion for reconsideration on November 7, 2018, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), more than 28 days after entry of the court's judgment, the motion is properly construed as arising under Rule 60(b), *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008).

2

Bullette's pleading was a mixed Rule 60(b) motion/§ 2255 motion. The district court did not afford Bullette the opportunity to elect between deleting his successive § 2255 claims or having his entire motion treated as a successive § 2255 motion. We therefore vacate the district court's order and remand for further proceedings. We deny Bullette's motion for a certificate of appealability as unnecessary. *See id.* at 399-401.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3